LINDA RICE, Respondent, *v.* ALLSTATE INSURANCE COMPANY et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, April 13, 1972.

492

*Edward Cherney* of counsel (*Sidney Gaines* with him on the brief; *Friedlander, Gaines, Ruttenberg & Goetz,* attorneys), for appellant.

*Robert J. Giovannetti* of counsel (*Newman & Schlau,* attorneys), for Linda Rice, respondent.

*Charles F. Brady* of counsel (*Benjamin Purvin,* attorney), for Allstate Insurance Company, respondent.

*John C. Young* of counsel (*Smith & Griffin,* attorneys), for Federal Insurance Company, respondent.

STEUER, J. On April 11, 1968, the claimant was one of a group of people who were proceeding to the same destination in two automobiles. The two cars were proceeding one behind the other on Second Avenue in Manhattan. Claimant was driving the first car, a Volkswagen owned by one Aileen Hunt. The second car was owned and being driven by Marilyn Halm. At 18th Street the claimant stopped for a red light and Miss Halm stopped her car between 5 and 10 feet directly behind the Volkswagen. Miss Halm got out of her car and went up to the Hunt car and told claimant that for reasons personal to herself she did not want to complete the journey in her own car and she wished the claimant to drive her (Miss Halm's) car and she would drive the Volkswagen. Claimant agreed, got out of the Volkswagen and proceeded to walk back to the Halm car. She had

reached the space between the cars when she recalled that she had the registration for the Hunt car on her person, and as she turned to go back to give it to Miss Halm, who had not yet entered the Hunt car, she saw the lights of a third car approaching rapidly. She made a reactive leap as the third car struck the Halm car, driving it into the Hunt car. Claimant was partially between the cars and was injured by being caught between them. The third car was uninsured.

The question is whether either or both of the insurers of the two cars or the MVAIC must respond to the claimant's demand for arbitration. If claimant was an insured under either of the policies issued by the insurers of the Hunt and Halm vehicles, the applicable company must respond; if she was not an insured under either of the two policies, the obligation is that of MVAIC. Special Term decided after a trial of the issue that as claimant had left the Hunt car with no intention of returning she had ceased to be an insured under the policy issued by Federal Insurance Company, and since she had not yet become an occupant of the Halm car she was not an insured under the Allstate Insurance Company's policy issued to the owner of that car.

While this reasoning cannot be semantically faulted, we do not believe that it accords with the realities of the situation. We recently had occasion to review the effect on insurance coverage of a passenger's leaving the vehicle temporarily before completion of the intended journey, and concluded that if the departure was intended to be brief and did not extend beyond the immediate vicinity of the car, status as a passenger continued (see *Estate of Cepeda* v. *United States Fid. & Guar. Co.,* 37 A D 2d 454). Claimant here meets all the requirements except that her intent was not to return to the car in which she had been traveling but to enter another car. This could, concededly, make a distinctive difference. If there were no relationship between the two cars, her status as to the car she had quit would depend on whether or not she had severed her connection with it (*Matter of Allstate Ins. Co.* v. *Flaumenbaum,* 62 Misc 2d 32). Conversely, her relationship with the second car would depend on whether her connection with that car had been established.

Here we do not have these questions. In this situation there was but a single expedition participated in by the occupants of both cars. This was not only in intent (which alone might well not affect the situation) but also in the physical management of both cars. They proceeded together as closely as the

rules of the road would allow, and for all practical purposes they comprised but one unit. This is exemplified by the very situation which contributed to the happening of the accident to plaintiff — an exchange of cars between two participants in the trip at a momentary stop, when the only separation from the cars themselves was the very short distance to be traversed between them. It hardly accords with common interpretation to say that under these circumstances claimant lost her status as to both cars.

A more difficult question is which of the two insurers should be required to arbitrate. Theoretically it should be both. But the theoretical pattern must sometimes yield to practicalities, here both of procedure and substance. As to the latter, while the peculiar facts to which this determination is restricted are not likely to be often duplicated, a holding that an insured's responsibility extends to passengers in cars other than the one insured can cause extensive mischief. Procedurally if two insurers defend on the same liability, inordinate difficulties arise on questions of procedure. Under the facts presented we incline to the view that the claimant had sufficiently made out her connection with the Halm car to establish her status as a passenger in that car, and the insurer of it must respond.

Judgment entered April 1, 1971 should be modified on the law by staying arbitration against respondent MVAIC and allowing arbitration against respondent Allstate Insurance Company, and as so modified affirmed without costs.

MARKEWICH, J. (dissenting). The facts are set forth impeccably in the majority opinion, and the problem before us is stated fairly: "If claimant was an insured under either of the policies issued by the insurers of the Hunt and Halm vehicles, the applicable company must respond; if she was not an insured under either of the two policies, the obligation is that of MVAIC." But then Justice STEUER, who wrote Cepeda (37 A D 2d 454), departs completely from its logic and finds that, having left a car without intention of returning to it, the claimant became a "passenger" in a vehicle which she never entered, though that was her eventual intention, frustrated as it was by the accident that occurred while she was returning to the first car to surrender its registration to the driver who had taken her place. There is no ground for such a holding. The majority's reasoning may possibly have some basis when it is speculated that perhaps the insurers of the passengers of both vehicles should be required to arbitrate, but there is no ground whatever for making a choice between them and fastening responsi-

bility upon the insurer of the second car. Even the coverage in *Cepeda* derived solely from status acquired as an immediately prior occupant of the vehicle from which the unfortunate decedent there had descended to investigate a disputed accident. Here there is no such factor, as Special Term correctly found. If there is a gap in the applicable insurance coverage to be afforded claimant it is not to be closed by placing responsibility where it does not exist, but, by the very language of the statute which gave that agency birth, on MVAIC itself. (See subdivision [2] of section 600 of the Insurance Law: "Declaration of purpose.")

There is another factor: that this proceeding was rendered necessary by the sole reason that the third vehicle, which hit claimant, was uninsured. Therefore — and this is said with some diffidence in an age when "no fault" has been made a household slogan — responsibility should logically attach to that car rather than to either of the others, and that vehicle, being uninsured, is "covered" for this purpose, as statute provides, by MVAIC.

Special Term should be affirmed.

McGIVERN, J. P., and McNALLY, J., concur with STEUER, J.; MARKEWICH, J., dissents in an opinion in which KUPFERMAN, J., concurs.

Judgment, Supreme Court, New York County, entered on April 1, 1971, modified, on the law, by staying arbitration against respondent MVAIC and allowing arbitration against respondent Allstate Insurance Company, and as so modified, affirmed, without costs and without disbursements.